IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| JAMES DONALD KING, III,  )  )   Plaintiff,  )  )  v.  )  )   Case No.: 25-cv-1216  CITY OF CHICAGO, AND  )  OFFICER KEVIN COYNE, #11423  )  OFFICER RYAN EDWARDS, #19672  )  AND UNKNOWN OFFICERS  )  In their individual capacity,  )  )   Defendants.  ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S CITY MOTION TO DISMISS COUNT IV

NOW COMES, Plaintiff, JAMES DONALD KING, III, by and through his undersigned counsel and with his response to Defendant City's Motion to Dismiss Count IV of the First Amended Complaint, and states herein:

# INTRODUCTION

On May 23, 2025, Defendant City of Chicago ("the City") filed a Motion to Dismiss Count IV of Plaintiff James Donald King, III's Amended Complaint, which alleges a Monell claim under 42 U.S.C. § 1983. The City argues that Plaintiff fails to plead sufficient facts to support a Monell claim, specifically alleging deficiencies in demonstrating a widespread custom or practice, deliberate indifference by a final policymaker, and causation. Plaintiff respectfully opposes the Motion, asserting that the Amended Complaint adequately pleads a Monell claim by alleging a widespread "code of silence" within the Chicago Police Department (CPD) that facilitated the unconstitutional actions of Defendant Officers Kevin Coyne and Ryan Edwards. This Response demonstrates that the Amended Complaint meets the pleading standards under federal law, as interpreted

1

by the U.S. Supreme Court and the Seventh Circuit, and supports the inference of a municipal policy or custom that caused Plaintiff's constitutional injuries.

## STATEMENT OF FACTS

On September 17, 2023, Plaintiff, an armed security guard, was walking northbound on 123rd Street near Lowe Avenue in Chicago, Illinois, in his full security uniform and lawfully carrying a firearm. (Pl.'s Am. Compl. ¶¶ 1, 3). Defendant Officers Coyne and Edwards approached and stopped Plaintiff without probable cause. (Id. ¶ 1). Plaintiff informed the officers that he had just left work and presented valid credentials, including his TAN Card, PERC Card, and FOID, which confirmed his lawful authority to carry a firearm as a security professional. (Id. ¶ 3). Despite this, the officers arrested Plaintiff, leading to a five-month prosecution that ended with all charges dismissed after a motion to dismiss was granted. (Id. ¶¶ 6, 22). Additionally, before Plaintiff's booking photo was taken, the officers attempted to make him change out of his security uniform into plain clothes, suggesting an intent to conceal his professional status. (Id. ¶¶ 4-5).

Plaintiff's Count IV Monell claim alleges that the CPD maintains a widespread "code of silence," whereby officers fail to report or intervene in unconstitutional conduct by their peers, and that this custom was the moving force behind the violation of Plaintiff's Fourth Amendment rights. (Id. ¶¶ 52-54). The Amended Complaint further alleges that the CPD was aware of its officers' actions and failed to address this unconstitutional practice, resulting in Plaintiff's unlawful arrest and related injuries. (Id.).

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the plaintiff pleads factual content allowing the court to draw a reasonable inference that the defendant is liable. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556

(2007). The court must accept all well-pleaded allegations as true and draw all reasonable inferences in the plaintiff's favor. *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). For a *Monell* claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a municipal policy or custom; (2) deliberate indifference by municipal policymakers; and (3) that the policy or custom was the moving force behind the constitutional violation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Hall v. City of Chicago*, 953 F.3d 945, 950 (7th Cir. 2020). At the pleading stage, a plaintiff need only provide enough detail to present a story that holds together, without proving the claim. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

# ARGUMENT

The City's Motion to Dismiss Count IV should be denied because Plaintiff's Amended Complaint sufficiently pleads a Monell claim under federal law. The allegations establish a plausible widespread custom of a "code of silence" within the CPD, deliberate indifference by policymakers, and a direct causal link to Plaintiff's constitutional injuries.

## A. Plaintiff Adequately Pleads a Widespread Custom or Practice

To plead a *Monell* claim based on a custom or practice, a plaintiff must allege facts suggesting a practice so permanent and well-settled as to constitute a custom with the force of law. *Adickes v. S.H. Kress Co.*, 398 U.S. 144, 167-68 (1970). The Amended Complaint alleges that the CPD maintains a pervasive "code of silence," whereby officers fail to report or intervene in unconstitutional conduct, such as the unlawful arrest of Plaintiff despite his valid credentials. (Pl.'s Am. Compl. ¶¶ 52-53). This custom is not limited to Plaintiff's incident but is alleged to be a systemic practice within the CPD, as evidenced by the officers' failure to intervene, deception of the inability to adequately review Plaintiff's credentials on their squad car computer and the need for him to accompany them to the station and the attempt to obscure Plaintiff's professional status by changing his clothing. (Id. ¶¶ 4-5, 53).

Contrary to the City's assertion, a plaintiff is not required to cite multiple specific inci-

3

dents at the pleading stage. *White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016) (holding that a plaintiff may rely on his own experience to plead a widespread practice if the allegations support a reasonable inference of a policy); see also *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (that federal courts may not apply a "'heightened pleading standard'—more stringent than the usual pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure —in civil rights cases alleging municipal liability under ... 42 U.S.C. § 1983."). The Seventh Circuit has recognized that allegations of a "code of silence" within the CPD can support a *Monell* claim when tied to specific unconstitutional conduct. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017). Here, the officers' actions—arresting Plaintiff despite clear evidence of his lawful status and attempting to alter his appearance—support an inference that the CPD's "code of silence" enabled such misconduct by discouraging accountability. (Pl.'s Am. Compl. ¶¶ 3-5, 53). These allegations provide sufficient factual enhancement to present a plausible story of a widespread custom, as required by *McCauley*, 671 F.3d at 616.

## B. Plaintiff Plausibly Alleges Deliberate Indifference by CPD Policymakers

A *Monell* claim requires allegations that a municipal policymaker was deliberately indifferent to a known or obvious risk of constitutional violations. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Deliberate indifference exists when a policymaker knows of a practice and fails to act to prevent its consequences. *Rasche v. Village of Beecher*, 336 F.3d 588, 599 (7th Cir. 2003). The Amended Complaint alleges that the CPD "should have been aware of the actions of its officers and its practices in arresting individuals" and that the "code of silence" prevented intervention in unconstitutional conduct. (Pl.'s Am. Compl. ¶¶ 52-53). While the City argues this is conclusory, federal pleading standards do not require Plaintiff to name a specific policymaker at this stage. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) (noting that identifying a specific policymaker is not required to survive a motion to dismiss).

The allegation that the CPD was aware of its officers' actions, coupled with the systemic nature of the "code of silence," supports a reasonable inference that final policymakers, such as the CPD Superintendent or other high-ranking officials, knew or should have known of the risk of unconstitutional arrests and failed to act. (Pl.'s Am. Compl. ¶ 52). The officers' deception regarding validation of Plaintiff's credentials and attempt to conceal Plaintiff's professional status further suggests a culture of impunity fostered by the CPD's inaction. (Id. ¶¶ 4-5). These allegations satisfy the deliberate indifference prong under Iqbal and Twombly.

## C. Plaintiff Adequately Alleges that the CPD's Custom Was the Moving Force Behind His Constitutional Injury

A *Monell* claim requires that the municipal policy or custom was the "moving force" behind the constitutional violation. *Board of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). The Amended Complaint alleges that the CPD's "code of silence" directly and proximately caused Plaintiff's unlawful arrest and subsequent injuries by allowing officers to act without fear of accountability. (Pl.'s Am. Compl. ¶ 54). The officers' disregard for Plaintiff's valid credentials and their attempt to obscure his professional status reflect a practice of unchecked misconduct enabled by the CPD's custom. (Id. ¶¶ 3-5).

The Seventh Circuit has held that a single incident, when combined with allegations of a broader custom, can support causation at the pleading stage. *White*, 829 F.3d at 844. Here, the "code of silence" is alleged to have permitted the officers to arrest Plaintiff without probable cause, as fellow officers failed to intervene despite Plaintiff's clear presentation of credentials. (Pl.'s Am. Compl. ¶¶ 3, 53). This provides a direct causal link between the CPD's custom and Plaintiff's Fourth Amendment violation, satisfying the causation requirement under *Brown*, 520 U.S. at 404.

## D. Plaintiff's Allegations Meet Federal Pleading Standards

The City cites cases such as *Harris v. City of Chicago*, 2021 WL 1192438 (N.D. Ill. Mar.

5

30, 2021), and *Washington v. City of Chicago*, 2025 WL 1262569 (N.D. Ill. May 1, 2025), to argue that Plaintiff's allegations are insufficient. However, these cases are distinguishable. In *Harris*, the plaintiff provided no factual context beyond a single incident, whereas here, Plaintiff alleges a specific custom—the "code of silence"—and ties it to the officers' actions, including the attempt to alter his appearance. (Pl.'s Am. Compl. ¶¶ 4-5, 53). Similarly, in *Washington*, the plaintiff failed to allege any broader practice, unlike Plaintiff's allegations of a systemic CPD custom. The Amended Complaint provides enough detail to present a plausible story, as required by *McCauley*, 671 F.3d at 616, and aligns with cases like *White*, where a single incident supported a *Monell* claim when tied to a broader custom.

## CONCLUSION

Plaintiff's Amended Complaint sufficiently pleads a *Monell* claim under 42 U.S.C. § 1983 by alleging a widespread "code of silence" within the CPD, deliberate indifference by policymakers, and a direct causal link to Plaintiff's constitutional injuries. The allegations meet the pleading standards under *Iqbal*, *Twombly*, and Seventh Circuit precedent. Accordingly, Plaintiff respectfully requests that the Court deny the City's Motion to Dismiss Count IV and grant any further relief deemed just and proper.

July 7, 2025

Respectfully submitted,

/s/ Juneitha Shambee

Juneitha Shambee
Attorney for Plaintiff James Donald King, III
Shambee Law Office, Ltd.
701 Main St., Ste. 201A
Evanston, IL., 60202
773-741-3602
juneitha@shambeelaw.com
ARDC: 6308145