IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| JAMES DONALD KING, III, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 25-cv-1216 |
| CITY OF CHICAGO, AND | ) | |
| OFFICER KEVIN COYNE, #11423 | ) | |
| OFFICER RYAN EDWARDS, #19672 | ) | |
| AND UNKNOWN OFFICERS | ) | |
| In their individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT OFFICERS' MOTION TO DISMISS COUNTS II AND III

NOW COMES, Plaintiff, JAMES DONALD KING, III, by and through his undersigned counsel and with his response to Defendant Officers' Motion to Dismiss Count IV of the First Amended Complaint, and states herein:

# INTRODUCTION

On May 22, 2025, Defendant Officers Kevin Coyne and Ryan Edwards ("Defendant Officers") filed a Motion to Dismiss Counts II (Malicious Prosecution) and III (Abuse of Process) of Plaintiff James Donald King, III's Amended Complaint in this 42 U.S.C. § 1983 civil rights action. The Defendant Officers argue that Count II fails because Plaintiff does not allege a seizure pursuant to legal process and that Count III is not cognizable under § 1983 because Illinois law provides a remedy for abuse of process. Plaintiff opposes the Motion, asserting that the Amended Complaint adequately pleads both counts under federal and Illinois law. Specifically, Plaintiff alleges a Fourth Amendment malicious prosecution claim supported by a post-arrest seizure and a cognizable abuse of process claim under § 1983 based on the officers' ulterior motive to conceal their misconduct.

1

This Response demonstrates that the Amended Complaint meets the pleading standards under federal law, as interpreted by the U.S. Supreme Court and the Seventh Circuit, and supports the claims against the Defendant Officers.

## STATEMENT OF FACTS

On September 17, 2023, Plaintiff, an armed security guard, was walking northbound on 123rd Street near Lowe Avenue in Chicago, Illinois, in his full security uniform and lawfully carrying a firearm. (Pl.'s Am. Compl. ¶¶ 1, 3). Defendant Officers Coyne and Edwards approached and stopped Plaintiff without probable cause. (Id. ¶ 1). Plaintiff informed the officers that he had just left work and presented valid credentials, including his TAN Card, PERC Card, and FOID, confirming his lawful authority to carry a firearm. (Id. ¶ 3). Furthemore, the officers deceived Plaintiff and told him that there were not able to pull up his valid credentials and that he would he need to accompany them to the station just to pull up his credentials, just to arrest him when he arrived at the station. (Id. ¶ 3). Despite this, the officers arrested Plaintiff without probable cause, and he was prosecuted for over five months, with the assistance of the Defendant Officers, until all charges were dismissed following a motion to dismiss. (Id. ¶¶ 6, 22). Before Plaintiff's booking photo was taken, the officers attempted to make him change out of his security uniform into plain clothes, suggesting an intent to conceal his professional status and obscure evidence of their unlawful arrest. (Id. ¶¶ 4-5). Plaintiff alleges that these actions caused significant restrictions on his liberty, including court appearances and legal obligations during the prosecution. (Id. ¶ 54).

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the plaintiff pleads factual content allowing the court to draw a reasonable

inference that the defendant is liable. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The court must accept all well-pleaded allegations as true and draw all reasonable inferences in the plaintiff's favor. *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). A complaint satisfies this standard when its allegations raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555-56. For a § 1983 claim, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a constitutional right. 42 U.S.C. § 1983.

# ARGUMENT

The Defendant Officers' Motion to Dismiss Counts II and III should be denied because Plaintiff's Amended Complaint sufficiently pleads a Fourth Amendment malicious prosecution claim and a § 1983 abuse of process claim under federal and Illinois law.

## A. Plaintiff Adequately Pleads a Fourth Amendment Malicious Prosecution Claim

To state a Fourth Amendment malicious prosecution claim under § 1983, a plaintiff must allege that (1) the criminal proceedings were instituted without probable cause, (2) the prosecution resulted in a seizure of the plaintiff, and (3) the proceedings terminated in the plaintiff's favor. *Thompson v. Clark*, 596 U.S. 36, 44-45 (2022). The Defendant Officers argue that Plaintiff fails to allege a seizure pursuant to legal process, asserting that release at a bond hearing negates this element. This argument fails under controlling precedent.

First, Plaintiff alleges that the Defendant Officers initiated criminal proceedings without probable cause by arresting him despite his presentation of valid credentials (TAN Card, PERC Card, and FOID), which confirmed his lawful authority to carry a firearm. (Pl.'s Am. Compl. ¶¶ 3, 22). Second, Plaintiff alleges that all charges were dismissed in his favor after a motion to dismiss, satisfying the favorable termination element. (Id. ¶ 6). Third, contrary to the Defendant Officers' assertion, Plaintiff sufficiently pleads a

seizure pursuant to legal process. The Seventh Circuit has recognized that post-arrest legal obligations, such as attending court hearings or complying with bond conditions, can constitute a seizure under the Fourth Amendment. *Mitchell v. Doherty*, 37 F.4th 1277, 1283 (7th Cir. 2022) (noting that legal process begins at arraignment or when a judge finds probable cause). Plaintiff alleges that he was prosecuted for over four months, which necessarily involved court appearances and other legal obligations that restricted his liberty. (Pl.'s Am. Compl. ¶¶ 6, 54). These obligations constitute a seizure under *Thompson*, as they imposed significant restrictions on Plaintiff's freedom of movement. See *Lewis v. City of Chicago*, 914 F.3d 472, 476-77 (7th Cir. 2019) (holding that court-ordered obligations during prosecution can constitute a Fourth Amendment seizure). The Defendant Officers' reliance on *Ollava v. City of Chicago*, 2023 WL 2631575 (N.D. Ill. Mar. 24, 2023), and *Smith v. City of Chicago*, 3 F.4th 332 (7th Cir. 2021), is misplaced. In *Ollava*, the court found no seizure because the plaintiff alleged only minimal bond conditions, whereas Plaintiff here alleges a four-month prosecution involving court appearances and legal obligations. (Pl.'s Am. Compl. ¶ 6). In *Smith*, the court addressed a vacated ruling and did not preclude seizures based on court-ordered obligations. 3 F.4th at 341-42. Plaintiff's allegations of a prolonged prosecution, supported by the officers' actions, sufficiently plead a seizure pursuant to legal process, satisfying *Thompson*'s requirements.

## B. Plaintiff's Abuse of Process Claim is Cognizable Under § 1983

The Defendant Officers argue that Count III, alleging abuse of process under § 1983, should be dismissed because Illinois law provides a state-law remedy for abuse of process, citing *Adams v. Rotkvich*, 325 F. App'x 450 (7th Cir. 2009). This argument misinterprets the scope of § 1983 and the nature of Plaintiff's claim.

A § 1983 claim is cognizable when a plaintiff alleges a violation of a constitutional right by a person acting under color of state law. 42 U.S.C. § 1983. While the Seventh Circuit has noted that abuse of process is not a free-standing constitutional tort if state law provides a remedy, a § 1983 claim may proceed if the abuse of process implicates

a specific constitutional violation. *Nieves v. McSweeney*, 241 F.3d 46, 53 (1st Cir. 2001) (cited approvingly in Adams, 325 F. App'x at 453). Here, Plaintiff alleges that the Defendant Officers abused the legal process with an ulterior motive to conceal their unconstitutional arrest by attempting to make Plaintiff change out of his security uniform before his booking photo, thereby obscuring evidence of his professional status. (Pl.'s Am. Compl. ¶¶ 4-5, 47-48). This conduct implicates Plaintiff's Fourth Amendment right to be free from unreasonable seizures, as it was part of a scheme to justify an unlawful arrest. See *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (noting that § 1983 claims may address conduct that violates specific constitutional protections).

Moreover, Illinois law does not preclude a § 1983 abuse of process claim when the claim is tied to a constitutional violation. Under Illinois law, an abuse of process claim requires (1) the existence of an ulterior motive and (2) an act in the use of legal process not proper in the regular prosecution of proceedings. *Kumar v. Bornstein*, 354 Ill. App. 3d 159, 165-66 (Ill. App. Ct. 2004). Plaintiff's allegations satisfy these elements: the officers' attempt to alter his appearance before the booking photo reflects an ulterior motive to conceal their lack of probable cause, and this act was improper in the prosecution process. (Pl.'s Am. Compl. ¶¶ 4-5, 47-48). The cases cited by the Defendant Officers, such as *Bergquist v. Milazzo*, 2020 WL 757902 (N.D. Ill. Feb. 14, 2020), dismissed claims where no constitutional violation was alleged. Here, Plaintiff's claim is grounded in a Fourth Amendment violation, making it cognizable under § 1983. See *Albright v. Oliver*, 510 U.S. 266, 274-75 (1994) (recognizing that § 1983 claims may address misuse of legal process when tied to constitutional rights).

## C. The Abuse of Process Claim is Not Duplicative of the False Arrest Claim

The Defendant Officers' assertion that the abuse of process claim is duplicative of the false arrest claim is incorrect. A false arrest claim under § 1983 addresses the initial seizure without probable cause, while an abuse of process claim addresses the misuse of legal process after the arrest to achieve an improper purpose. *Nieves*, 241 F.3d at 53.

Here, Count I (false arrest) focuses on the initial unlawful seizure, while Count III (abuse of process) addresses the officers' post-arrest conduct—specifically, their attempt to alter Plaintiff's appearance to conceal their misconduct. (Pl.'s Am. Compl. ¶¶ 1-3, 47-48). These claims address distinct wrongs and are not duplicative. See *Heck*, 512 U.S. at 486 (distinguishing claims based on different stages of legal process).

## CONCLUSION

Plaintiff's Amended Complaint sufficiently pleads a Fourth Amendment malicious prosecution claim by alleging a seizure pursuant to legal process during a four-month prosecution and a cognizable § 1983 abuse of process claim based on the Defendant Officers' ulterior motive to conceal their unconstitutional conduct. The claims are not duplicative and meet the pleading standards under Iqbal, Twombly, and Seventh Circuit precedent. Accordingly, Plaintiff respectfully requests that the Court deny the Defendant Officers' Motion to Dismiss Counts II and III and grant any further relief deemed just and proper.

July 7, 2025

Respectfully submitted,

/s/ Juneitha Shambee

Juneitha Shambee
Attorney for Plaintiff James Donald King, III
Shambee Law Office, Ltd.
701 Main St., Ste. 201A
Evanston, IL., 60202
773-741-3602
juneitha@shambeelaw.com
ARDC: 6308145